# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| FATIMA RODRIGUEZ NAVARRETE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-224-SLP |
| | ) | |
| MARKWAYNE MULLIN[1], et al., | ) | |
| | ) | |
| Respondents. | ) | |

## **O R D E R**

Petitioner, Fatima Rodriguez Navarrete, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § § 2241. [Doc. No. 1]. Before the Court is the Report and Recommendation [Doc. No. 11] (R&R) of United States Magistrate Judge Suzanne Mitchell. The Magistrate Judge recommends granting the Petition. Respondents have filed an Objection, [Doc. No. 13], Petitioner has filed a Response, [Doc. No. 14], and the matter is at issue. The Court reviews de novo any portion of the R&R to which a specific objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are deemed waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Having conducted that review, and for the reasons that follow, the Court ADOPTS the R&R, to the extent it finds that 8 U.S.C. § 1226 applies to Petitioner's detention, and GRANTS, in part, the Petition.

---

[1] Markwayne Mulin is now the Secretary of the Department of Homeland Security. https://www.dhs.gov/news/2026/03/24/us-senate-confirms-markwayne-mullin-secretary-department-homeland-security (last visited August 10, 2026). The Court substitutes Markwayne Mullin as a Respondent in this matter. *See* Fed. R. Civ. P. 25(d).

## I.  <u>Background</u>

Petitioner, a citizen of El Salvador, entered the United States on or about May 9, 2022.  She was arrested and detained by United States Custom and Border Protection officers after crossing the border.  On May 20, 2022, the Department of Homeland Security (DHS) placed Petitioner into removal proceedings through the issuance of a Notice to Appear, charging her as removable under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA).  That same day, Petitioner was released on her own recognizance pursuant to 8 U.S.C. § 1226.[2]  She has applied for asylum and related proceedings are ongoing.

Petitioner was detained by Immigration and Customs Enforcement (ICE) at her regularly scheduled check-in appointment with DHS.  She is currently detained at Diamondback Correctional Facility, in Watonga, Oklahoma.

On February 9, 2026, Petitioner filed this action challenging her detention under the Due Process Clause of the Fifth Amendment.  She specifically asserts that her detention without a pre-deprivation hearing is a violation of her Due Process Rights.  As relief, Petitioner asks this Court to grant her petition for writ of habeas corpus and release her immediately.  Respondents object to the R&R on three chief grounds: (1) § 1226 does not apply to Petitioner's detention, (2) the Court should decline to adopt the R&R's finding of

---

[2] Courts have found that a release on one's own recognizance is a type of conditional parole that is granted pursuant to 8 U.S.C. § 1226.  *See Singh v. Noem*, 824 F. Supp. 3d 1197, 1212 (D.N.M. 2026) ("Release on one's own recognizance is a form of conditional parole under § 1226(a)(2)(B)."); *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) ("It is apparent that the INS used the phrase 'release on recognizance' as another name for 'conditional parole' under § 1226(a).); *see also In re Cabrera-Fernandez*, 28 I. & N. Dec. 747, 747 (B.I.A. 2023) ("[They were] released on their own recognizance pursuant to DHS' conditional parole authority under ... 8 U.S.C. § 1226(a)(2)(B).")

a procedural due process violation, and (3) the Court should decline to adopt the R&R's findings to the extent that it recommends any prospective relief to Petitioner.

## II.    **Discussion**

As an initial matter, the Court concurs with the Magistrate Judge's findings that § 1226(a) governs Petitioner's detention and rejects Respondents' interpretation of §§ 1226(a) and 1225(b)(2)(A).  Under Tenth Circuit law, § 1226(a) governs the detention of immigration detainees who are similarly situated to Petitioner.  *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1240 (10th Cir. 2026) (holding that "§ 1225(b)(2)(A)'s application is limited to the border").[3]  Notably, Respondents objected to the R&R's finding that § 1226 applied to Petitioner's detention prior to the Tenth Circuit's decision, in *Quiroz*. The Court, therefore, finds that § 1226(a) governs Petitioner's detention.

In determining whether Petitioner's due process rights were violated, the Court must consider (1) whether the Petitioner possesses a protected property or liberty interest to which due process protections apply and, if so, (2) whether they were afforded an appropriate level of process.  *Al-Turki v. Tomsic*, 926 F.3d 610, 614 (10th Cir. 2019).  Upon the Court's de novo review of the Petition, the Court finds that Petitioner has a protected liberty interest in her conditional release on her own recognizance.  *See Singh*, 824 F. Supp. 3d at 1210-11 (finding that a § 2241 petitioner, previously released on their own

---

[3] The majority of Circuit Courts, including "the Second, Sixth, and Eleventh Circuits have each held that § 1225(b)(2)(A) does not apply to unadmitted noncitizens who . . . are found in the country's interior." *Id*. at 1235 (citing *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia*., 175 F.4th 1258 (11th Cir. 2026); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026).

recognizance, had a liberty interest in their conditional parole);  *Ochilov v. Grant*, No. CIV-26-526-R, 2026 WL 1896139, at \*2 (W.D. Okla. July 1, 2026) (same); *see also Morrissey v. Brewer*, 408 U.S. 471, 485 (1972) (finding that "those released on criminal parole are entitled to due process before having their parole revoked."); *Zadvydas v. Davis*, 533 U.S. 678, 679 (2001) (". . .[T]he Due Process Clause applies to all persons within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent.")

Having found that the Petitioner has a protected liberty interest arising from her release on her own recognizance, the Court must then determine what level of process is owed to the Petitioner.  *See Tomsic*, 926 F.3d at 614.  Petitioner's position is that the appropriate level of process owed is her release from detention.  However, on the immediate record, the Court finds that the appropriate relief is for Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226.  *See Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) ("Because this Court holds that § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing before an [immigration judge]."); *Ochilov v. Grant*, 2026 WL 1896139, at \*2 (finding that the appropriate remedy for a § 2241 Petitioner's due process claim is a bond hearing under § 1226.); *Chiliquinga Sigcho v. Blanche*, No. 1:26-CV-00252-WJ-GBW, 2026 WL 2018492, at \*1 (D.N.M. July 13, 2026) ("Petitioner requests immediate release. The Court concludes, however, that the appropriate remedy is to afford Petitioner the process to which he is entitled under § 1226.);

4

*see also Jennings v. Rodriguez*, 583 U.S. 281, 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.")

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 15] is ADOPTED IN PART, to the extent it finds that § 1226(a) governs Petitioner's detention.

IT IS FURTHER ORDERED that the Petition, [Doc. No. 1], is GRANTED IN PART.  Respondents are ORDERED to provide Petitioner with a proper bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order, or otherwise release Petitioner if she has not received a proper bond hearing within that period.

A separate judgment shall be entered.

IT IS SO ORDERED this 11th day of August, 2026.

SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE